IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDY STUARD COREA SANCHEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.<br>Respondents. | ORDER DIRECTING PETITIONER TO SHOW CAUSE<br><br>Case 2:26-cv-516-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner Jordy Suard Corea Sanchez's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief.[1] Petitioner seeks a "writ of habeas corpus requiring that he not be re-detained by Respondents and that if re-detained he be release immediately from ICE custody."[2] For the reasons discussed herein, the Court orders Petitioner to show cause as to why the petition should not be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner is a 25-year-old noncitizen who first came to the United States in 2003 and has continually resided in the Country since that time. He is married to a citizen of the United States with whom he has one child. Petitioner asserts that the child has "severe medical issues."[3] Petitioner was a resident of Utah when he was detained by United States Immigration and Customs Enforcement ("ICE"), which is an agency under the direction of the Department of

[1] Docket No. 1.

[2] *Id.* ¶ 12.

[3] *Id.* ¶ 7.

Homeland Security ("DHS"). Petitioner was held at the Nevada Southern Detention Center in Pahrump, Nevada.

On August 8, 2025, Petitioner was granted bond by an Immigration Judge in the Las Vegas Immigration Court, and his immigration proceedings were subsequently transferred to Salt Lake City. DHS appealed the bond determination and, on May 5, 2026, the Board of Immigration Appeals ("BIA") reversed the Las Vegas Immigration Judge and vacated the bond order, concluding that Petitioner is subject to mandatory detention under the relevant statues and therefore ineligible for bond. Petitioner has not yet been re-detained but asserts that, as a result of the BIA's determination, he "is in danger of being detained at any time" by DHS.[4]

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"[5] "The 'in custody' requirement of § 2241 is jurisdictional."[6] Therefore, it is Petitioner's burden to establish that he was in custody when he filed the petition.[7]

Petitioner does not assert that he is in the physical custody of DHS. However, the Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."[8] The Tenth Circuit has noted that "the custody concept in criminal cases" is broad and "now includes many situations

---

[4] *Id.* ¶ 4.

[5] *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3)).

[6] *Moreno v. Att'y Gen., DHS/ICE/DOJ*, No. 25-6077, 2026 WL 607313, at *2 (10th Cir. Mar. 4, 2026).

[7] *Id.*

[8] *Maleng*, 490 U.S. at 491.

where the petitioner is not in actual physical custody," including in some "habeas actions arising from immigration cases."[9]

Whether a petitioner is "in custody" is dependent on the surrounding factual circumstances. For example, the majority of circuit courts "have determined that the lodging of [an immigration] detainer, without more, is insufficient to render [a petitioner] in custody,"[10] while the existence of both an immigration detainer and a final deportation order is sufficient.[11]

Petitioner here alleges that his detention is either "imminent"[12] or "possible."[13] However, Petitioner has failed to present any argument or cite to any legal authority to support that his specific circumstances have rendered him "in custody," as is necessary for the Court to exercise jurisdiction over his habeas petition. To the contrary, other district courts considering seemingly similar circumstances have found a showing that detention is "authorized and possible," without more, is insufficient to establish imminency, and have therefore found the custodial requirement unsatisfied.[14]

---

[9] *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).

[10] *Id.*

[11] *Id.*

[12] Docket No. 1 ¶¶ 6, 37, 49.

[13] *Id.* ¶¶ 8, 77, 79.

[14] *Shentu v. Dir., ICE Honolulu Field Off.*, No. CV 26-00137 DKW-RT, 2026 WL 1296036, at *2 (D. Haw. May 12, 2026) ("Indeed, two weeks have passed since the BIA issued its decision, and [the petitioner] has offered no facts suggesting that immigration officers have taken any steps to arrest her. Nor, for example, has she shown that an arrest following a BIA decision on bond proceeds on a particular timetable. Thus, even in light of the BIA's . . . decision, [the petitioner's] assertion that arrest is imminent is speculative."); *see also Wang v. U. S. Dep't of Homeland Sec.*, No. CV 26-00009 MWJS-KJM, ---F. Supp. 3d---, 2026 WL 452343, at *1 (D. Haw. Feb. 17, 2026) (finding that fear of arrest pending removal proceedings, while serious, was insufficient to establish jurisdiction); *Banos v. Asher*, No. C16-1454 JLR, 2017 WL 2983060, at *4 n.7 (W.D. Wash. July 11, 2017) (finding the court lacked jurisdiction to hear a habeas petition where "[t]he BIA's decision [did] not limit [the petitioner's] liberty" and, while "ICE could exercise its discretion to detain [the petitioner] and thereby restrain his liberty, . . .

Petitioner here has not provided the Court with a sufficient factual or legal basis to conclude that his detention is imminent such that he is "in custody" for purposes of habeas relief. Notably, the BIA's decision was issued nearly one month prior to Petitioner's filing and an arrest has not yet taken place. Without a sufficient basis to conclude that Petitioner is in custody, the Court cannot exercise jurisdiction over the Petition. Accordingly, the Court will defer ruling on the Petition and orders Petitioner to show cause as to why the Petition should not be dismissed for lack of jurisdiction.

III. CONCLUSION

It is therefore

ORDERED that Petitioner must show cause as to why the Petition (Docket No. 1) should not be dismissed for lack of jurisdiction on or before June 10, 2026.

DATED this 4th day of June, 2026.

BY THE COURT:

Ted Stewart
United States District Judge

---

that potentiality [was] too speculative . . . to constitute placing [the petitioner] 'in custody.'").